[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried to the court as a hearing in damages on December 24, 2002, a default having entered against the defendant, Jermaine Griffin on a previous date.
At the time of the hearing, the plaintiff-minors, ZINA GRIFFIN and SHAYLA GRIFFIN appeared and each was sworn and testified to the court. The defendant, JERMAINE GRIFFIN, did not appear for the hearing.
In their complaint, which was brought by their father, SAMUEL GRIFFIN, in his capacity as guardian of each of them, ZINA GRIFFIN and SHAYLA GRIFFIN, alleged that as a result of an automobile accident on or about January 10, 1996, they each were caused to sustain certain injuries and other damages and losses.
They further allege that the accident and their injuries and losses were proximately caused by the negligence and carelessness of the defendant, JERMAINE GRIFFIN (no relation), in a number of ways. As noted, the said defendant was subsequently defaulted and this matter was heard as a hearing in damages, liability not being contested.
ZINA GRIFFIN who is currently age eleven and a grade school student testified that on or about January 10, 1996, she was approximately six years old and was a back seat passenger in an automobile being driven by DIANE W. WATTS, at or near the intersection of Grennell Street and Woodside Street in the City of Bridgeport. She further testified that at that time and place, the defendant, JERMAINE GRIFFIN, caused the vehicle he was operating to run into and collide with the vehicle in which she was a passenger. She further testified that a result of the collision, she was thrown about the inside of her vehicle and struck her face on a window causing her to bruise her face, hurt her head, to briefly lose consciousness and to become nauseated for a period of time. She also sustained a cervical spine sprain and a right ankle and right foot sprain She also was unable to play or engage in her usual activities for a CT Page 1113 period of time.
She testified, as corroborated by the medical records offered at trial, that she was seen by Robin Hohurst, a chiropractic doctor and by Dr. Dworken for treatment and evaluation and has fully recovered.
SHAYLA GRIFFIN, who is currently a student a Emmanuel College in Boston, testified that she is the sister of ZINA GRIFFIN, and that she was in the vehicle with Zina at the date and time of the collision. She further testified that she was a front seat passenger in the car and, as a result of the collision, was thrown about the front interior of the car and sustained certain injuries and other damages and losses, including chronic tendinitis of the right of the right ankle and right foot, a contusion to her left patella as well as other contusions and bruises. Based on his evaluation, Dr. Dworken, in his medical record, stated that as a proximate result of the collision, Shayla had sustained a 5% — 6% permanent injury to her right foot and ankle and a 5% permanent injury to her left knee.
The mother of the two minor plaintiffs testified that both girls were frightened and physically shaken up by the accident and that Zina was nauseous for a short period from the injury to her head.
In his complaint, the plaintiff, Samuel Griffin, has sought damages in the form of medical expenses incurred for the care and treatment of both Zina and Shayla, his minor daughters.
Evidence and testimony permits the court to find that the total amounted billed for Zina was $225.00 by Dr. Dworken and $840.00 by Dr. Hohurst for a total of $1065.00. The total amount billed for Shayla was $510.00 by Dr. Dworken and $840.00 by Dr. Hohurst for a total of $1350.00. The combined medical expenses incurred by the plaintiff was $2,415.00.
Having heard the evidence and testimony the court enters the following judgment for the plaintiffs and against the defendant, Jermaine Griffin as follows:
The court finds non-economic damages for the plaintiff, Shayla Griffin in the amount of $17,500.00.
The court finds non-economic damages for the plaintiff Zina Griffin in the amount of $7,500.00.
The court finds economic damages for the plaintiff Samuel Griffin in the amount of $2,415.00.
Total damages found for the plaintiffs is $27,415.00.
By the Court, Joseph W. Doherty, Judge CT Page 1114
[EDITORS' NOTE: This page is blank.] CT Page 1115